Case number 320171, Rosie Hendricks as independent administrator of the Estate of Ola Williams, deceased, Appalachia, v. Peterson Health Quality, LLC, Appellant. Thank you. Let's see, Mr. Wiener? Yes. Erin Wiener on behalf of Appellant. Okay, you can start. May it please the Court. In this case, the trial court abused its discretion by erring in three major respects. First, in not affording plaintiff diminished deference as a non-citus plaintiff. Two, in its analysis of the private interest factor of the convenience of the parties, by affording undue weight to Peterson Health Quality, LLC, and Peterson agent address. Now, for ease of reference, I'll refer to the two entities as the Peterson entities. The third source of error was in the trial court's public interest analysis by not affording sufficient weight to Piatt County's interest in adjudicating a medical negligence matter locally, which involves a Piatt County facility and Piatt County medical staff. Going to the first source of error, it was error for the trial court to fail to analyze whether plaintiff should have been afforded diminished deference, and it was error not to provide such diminished deference in its analysis of the public and private interest factors. So, the issue of whether to afford plaintiff diminished deference was skipped over entirely by the trial court, and it should have been addressed in the May 20, 2020 order or in the accompanying transcript setting forth the trial court's rationale. It was error for the trial court to not address this factor at all and to not afford plaintiff diminished deference as a plaintiff to litigation where the alleged injuries did not occur. It's especially relevant here because the court found that the public and private interest factors were essentially tied. So, this would have been a tiebreaker by the court's own analysis. That's record R18, line 6 to 11. Plaintiff may accordingly be characterized as a non-citus plaintiff for filing suit in Peoria County, to which little deference is owed for purpose of a forum non-convenes analysis, which examines more than the venue factors. The Illinois Supreme Court in the case of Dottie v. Union Pacific Railroad Co. noted when plaintiff is foreign to the forum chosen and the action giving gives rise to the litigation did not occur in the chosen forum, this assumption of convenience is no longer reasonable. Instead, it's reasonable to conclude that plaintiff engaged in forum shopping to suit her individual interests, a strategy contrary to the purposes behind the in this case, the alleged negligence occurred entirely within Piatt County. The complaint does not explicitly allege any occurrences within Peoria County. Page 16 of the appellee's response brief alleges that acts of negligence also likely took place in Peoria County, but no such acts are specified within the complaint. Now, to be fair, the complaint makes allegations such as failure to allocate sufficient resources to adequately staff the facility and a failure to allocate sufficient resources to provide medical supplies, but these allegations pertain to staffing, resources, and supplies at the facility in Piatt County. Second, plaintiff does not reside in Peoria County. Third, the basis of the negligence alleged in this complaint is the care and treatment rendered to the decedent, Ola Williams, in Piatt County. More specifically, the focus is on a the BEMET healthcare facility is located in Piatt County, and conducting a trial in Peoria County would impose significant burdens on the BEMET healthcare in terms of staffing and costs, while transferring the case to Piatt would minimize caretakers' time away from patients. This is an especially important consideration amidst the pandemic, where there's a heightened need for medical staff. While discovery depositions may indeed be taken by Zoom, it's important to note Illinois Supreme Court Rule 212B codifies the right to call physicians for live testimony at trial. The Zoom deps are not a substitution for live testimony at trial. That's an important factor that should be considered here. Now, accordingly, plaintiff was entitled to diminished deference as a non-citus plaintiff to discourage forum shopping. The court in Dawdy recognized forum shopping has been looked on with disfavor because of potential to burden communities with litigation over disputes that arose elsewhere. Now, in the response brief, Apelli recognized the propriety of affording diminished deference in this case, and quoted to the case of Griffith v. Mitsubishi Aircraft International, and that quote specifically that was on page four of the response brief, stated where the plaintiff is foreign to the chosen forum, the factor of forum choice should be given less deference than if the sum deference. So plaintiff recognizes that less deference is owed, and the trial court did not analyze that factor. In the case at bar, it's uncontroverted that the circuit court of Piatt County, which is where the decedent allegedly sustained injuries, would be invested with jurisdiction over all the parties and would have the power to try this case. In support of appellant's position and underscoring the trial court's abuse of discretion with this factor, are the cases of Birch v. Chicago and Central Pacific Railroad Co., and Bland v. Norfolk, and Bland v. Norfolk and West Ryan Co. So in Birch, the first district appellate court held that if the plaintiff's injury did not occur in the chosen forum, she's not a resident of that forum, her choice is afforded far less deference. That was also cited in Fennell and Bruce v. Adderall. Accordingly, plaintiff is entitled to diminished deference, and it was an abuse of discretion for the trial court not to afford plaintiff such diminished deference. This failure to apply the diminished deference is especially important because the trial court found that once the deference afforded to plaintiff and its venue selection was factored in, the private and public interest factors were tied, as I mentioned before. So applying the diminished deference would have circuit court of Peoria is that of its plaintiff's chosen forum. Moving to the second source of the trial court's error, the trial court abused its discretion in its analysis of the private interest factors by giving undue weight to the Peterson entities, Peoria corporate office, and registered agent addresses. Counselor, before you move on to that, didn't the trial court find that convenience to the parties favored the transfer? That is correct. The trial court found that it, uh, the convenience of the parties favored Piat, but confusingly went on to find in favor of Peoria County. Okay. So he made a finding of fact that Piat County was more convenient to the parties, but then reversed himself. Well, it was, uh, it was in the same sentence, uh, record six, R16 lines three to eight. And the only other factor that I find that clearly favors Piat is the private interest factor of the convenience of the parties. Um, but then it went on to say that that's a relatively small convenience because there's a convenience on the other side to members of the Peterson corporate end quote. Okay. Thank you. And that's where you were headed, the Peterson corporate convenience. So I'm sorry to interrupt. Of course. So such a, this statement that I just quoted to where the court mentions the private interest convenience of the party ways in favor of Piat, but nonetheless found, uh, for Peoria because of this, uh, unspecified members of Peterson corporate. Now that it's important. Now this, this statement by the court is problematic for a couple of reasons. First, the vast majority of testimonial witnesses here, uh, 11 have been identified. So seven out of the 11 consisting of treating physicians, the wound care physician, a dietician nurses, and the facility administrator reside in locations closer to, or in Piat County, as opposed to Peoria County. Um, and that's specifically Travis Jameson MD. Um, we have, uh, so excuse me, the Cook County, Wayne, Indiana, Noblesville, Indiana. And then we have, uh, three nurse defendants that submitted affidavits attesting to the inconvenience as well. So the trial court afforded undue weight to the thus far has only identified the single member of Peterson corporate. So it was error to weigh the single, uh, convenience of a single corporate witness against all of the other, um, seven in particular seven healthcare provider witnesses that would be inconvenienced and their patients disadvantaged by traveling to attend the Peoria County trial. Moreover, defendants, I have another question for you. The court is using the Peterson group as justification for leaving the venue in Peoria County, but the Peterson group says it's not convenient for us to be there. We want to go to Piat County. Isn't that correct? That is correct. So can the plaintiff rely on a defendant's convenience when the defendant is saying it's not convenient for us? We don't want to stay there. Um, can you rephrase the question? Plaintiff is using the location of, um, the corporate defendant to justify staying or keeping the venue in Peoria County, but the corporate defendant is saying we don't want to stay in Peoria County. This isn't convenient for us. Can the trial court then rely on the convenience to the corporate defendant when the corporate defendant is doesn't agree? Or perhaps my question isn't even, um, logical. I see what you're getting at judge. Uh, yes, it is a bit nonsensical of a proposition on that saying that the corporate location in Peoria is convenient when the defendants are saying, and these affidavits submitted established it is not convenient for defendants. So no, the fact that these business locations are in Peoria County, um, does not establish convenient. That's just for establishing venue, but not for which forum is more convenient. And the location of the corporate defendant, was that the only factor that the court considered to support Peoria? Uh, in its analysis on the record, it appears that that was the case. There was discussion of, uh, driving, you know, admittedly, the witnesses here, they're not all in one county or another. They are spread out. Um, so the court was saying, well, because they're spread out, it doesn't weigh in favor. So there was consideration in that respect. Otherwise, it was very limited by the trial court. Okay. Thank you. Sure. Um, the, the three affidavits submitted by appellants by the nurses remain unrebutted. This is a really important factor to note. Um, plaintiff appellee has not submitted any evidence to rebut this plaintiff attempts to rebut it by, um, stating that Illinois Supreme court rule two 41 permitting, uh, zoom depositions rebut this, but that's disingenuous. Appellee has submitted no evidence to rebut defendants, uh, appellants evidence of these three affidavits establishing inconvenience. Now, I do have a question for you regarding, I know you, you say that, you know, the defendant Peterson, the Peterson group, they, you know, want to be in Piatt County. Um, however, because the fact that they are headquartered and they own not just, you know, this facility, but many others, and they've chosen to place their corporate headquarters and Peoria County, isn't there an interest in adjudicating, you know, the management of all of these facilities, including some facilities that are located in, um, Peoria County. I mean, Peoria does have an interest, right? I mean, you know, would you deny that the County has an interest in these businesses that are headquartered there? I know your honor. I don't deny that there there's an interest, but it's limited to just the appropriateness for establishing that venue is proper. And an appellant does not deny that. Absolutely. Uh, but defendant, uh, an appellant would move to say that, um, you know, this is more, the analysis here is more than venue factors. It needs to go to the convenience of the parties. And that issue here is the care provided at a single facility to a single resident. Um, and, and, you know, the alleged negligence related there too. Thank you. You may continue. So therefore the trial court abused its discretion by improperly analyzing the private interest factors and affording undue weight to Peterson entity's Peoria corporate presence. The trial court third abused its discretion and its public interest analysis by not giving sufficient weight to the deciding controversies locally factor and that weighs strongly in favor of Piatt County by the trial court's admission. Um, trial court found that the public interest factor and deciding controversies locally clearly favored Piatt County yet the trial court ultimately ruled against it record 14 lines 24 to record 15 lines, one to two, the rationale at the trial court provided for Peoria County, deciding the business of another County where the injury occurred was quote, the fairness of another County deciding another County's business. Well, you know, since Peterson is located here with their corporate office, you can't really say that that strongly favors Piatt. There was no further analysis or discussion of the issue by the trial court. So here in conclusion, the case comes down to recognizing the importance of deciding controversies locally and avoiding the unfair burdening of Piatt County based healthcare staff amidst a pandemic requiring all hands on deck here. The trial court expressly found that number one, the private interest factor, the convenience of the parties, quote, clearly favored Piatt County and to the public interest factor in deciding controversies locally, quote, clearly favored Piatt County as well, but confusingly went on to hold that the private and public interest factors were tied and then ruled in favor of the appellee. The trial court's holding is thus at odds with its own rationale, contrary to law and accordingly constituted an abuse of discretion. Accordingly, appellant respectfully requests this honorable court reverse remand to the trial court with instructions to transfer to Piatt County. Thank you. Thank you, Mr. Weiner. Um, Ms. Is it a line? Thank you, Your Honor. You may proceed. Good afternoon, Your Honors, and may it please the court. My name is Daisy Ion and along with my co-counsel Lauren Park, we represent the plaintiff appellee in this case, Rosie Hendricks. Your Honor's defendants are urging this court to find that lawsuits should only and always be filed where the location of the injury happened, but this draconian and inflexible standard would not serve the purposes of justice. The defendants are asking this court to elevate the location of the injury to the stature of the dispositive consideration. Despite the majority of the witnesses being dispersed over multiple counties, despite the plaintiff's substantial right to choose the forum, despite Ola Williams, the injured in this case, receiving medical treatment in multiple counties, and most importantly, despite the trial court having had an opportunity to review this issue, not once but twice, this court should should deny defendants request and uphold the trial court for two main reasons. First, the defendants cannot show that the judge abused his discretion. And second, even analyzing the private and public interest factors, the defendants cannot show that they strongly favor transfer. Now your honor's turning to my first point. The question here is not whether this panel agrees with the actions taken by the trial court, but whether the trial court reached its decision logically and reasonably. Whereas this appellate court has stated on without employing conscientious judgment, or when all the circumstances are viewed, whether the trial court went beyond any bounds of reason and ignored recognized principles of law. And in other words, your honor, the standard here is that for the trial court's decision to be overturned, no one can think that the result was reasonable. That is the law and that's an the appellate court also has stated on numerous occasions that the abuse of discretion standard is the most differential standard of review. And it is only overturned those cases that are clearly against logic. And in this case, runners, the trial court properly understood the law to be applied. On page 257 of the record, the court clearly speaks about the unequal balancing test that gives deference to the plaintiff's choice of forum as stated in Griffith. The court also properly understood what the private interest factors were, as well as the public interest factors. And the court also properly applied the law to the facts in this case. In some situations, as counsel pointed out, in certain circumstances, a particular factor was the court found in favor of the plaintiff. And this balancing shows that the court was applying the law properly and was being deliberate in its decision and its evaluation of the factors. Ultimately, the trial court agreed with the plaintiff that Peoria County is an appropriate county to hear this case and that it is convenient. So the defendants may disagree with the trial court's decision, but they cannot argue that the result was unreasonable, that the result was arbitrary, or that it went against logic. And that's because the trial court properly understood the factors in this case and the facts. In this case, Rosie Hendricks filed a lawsuit on behalf of her mother, Ola Williams, who was neglected at a pressure ulcer on the back of her skull that later deteriorated, became infected, and ultimately caused her death. But after the pressure ulcer developed, Ola Williams was taken out of the defendant's nursing home, and she was transferred to Carl Foundation Hospital, which is located in Champaign County, to receive treatment for her injuries. She was later admitted to Epirion Care of Bloomington in McLean County, where she died. In this case, the plaintiff argues that there's a wrongful death cause of action, and an injury of a wrongful death case doesn't happen without the person dying. So it is incorrect and inaccurate for the defendants to categorize this as a case where the injury happened solely in Piatt County. The wrongful death action and the injury for the wrongful death actually happened in McLean County. Your Honors, many of the health care providers who Ola Williams' life are spread out across different counties and different states. Ola Williams' primary care physician resides in Woodford County, which is closer to Peoria. The wound care physician who treated Ola from the time she left the defendant's facility up until the time of her death resides in Paswell County, which is closer to Peoria. Miriam Trowder, who is a dietician who resides in Dabakwe, Iowa, which is closer to Peoria by plane. Mark Peterson, the manager of the nursing home, resides in Peoria County. And one of the main defendants, Your Honors, the management company resides, conducts business, has offices, and employs people in Peoria County. The rest of the witnesses that have been identified are scattered across multiple counties. Cook County, Champaign County, and Indiana. In Langerhorst, the Supreme Court of Illinois said that where there's no single county that enjoys predominance, the plaintiff's choice of forum should not be disturbed. And contrary to the defendant's argument, the management company here played a significant role in this case. There are two counts against this management company, independent of the register agent. It is incorrect and inaccurate to say that the only connection to Peoria County is a register agent. That's not accurate. Plaintiff has counts three and four of the complaint are levied against the management company here. And there are allegations that the management company, which manages two nursing homes in Peoria County, as well as one in Pia County, did not provide the nursing home with appropriate budgeting to provide care to these residents, that did not send its registered nurses and consultants to the nursing home to properly train the nurses, that they did not properly give the nursing home a budget that complied with state and federal regulations, and that ultimately all of these deficiencies resulted in the injury in this case. And the court in cause, an appellate court decision in 2012, found that the location of the corporate defendant was especially relevant when there was a significant connection to the litigation. And in that case, the court actually talked about policies and procedures that were developed in this county, and the court found that that was a significant factor. Similarly, here, your honors, we have two counts against the management company for its own individual actions. So when when counsel talks about plaintiff forum shopping, that implies that there was a nefarious purpose for filing in Peoria County. The record doesn't have any evidence that somehow Peoria County favors the plaintiff over the defendant, or that Piatt County statistically has settlements or verdicts that are lower than Peoria County. That's pure speculation. The reason why this case was filed in Peoria County is because the manager of the nursing home resides there, because the licensee resides in Peoria County, because the management company and other defendant has its principal place of business, its offices, and employs people in this the public and private interest factors. Counsel explained that the court doesn't go into detail in analyzing some of these issues, but counsel had two opportunities to obtain a clear record of how the trial court was considering and weighing each of these factors, and they never sought clarification. They didn't bring a court reporter for the initial round of motions. They never asked the court to put in writing its decision, and it is clear that the trial court had access to all of this information. It was argued at the time that counsel brought its motion to reconsider. All of these issues were brought before the judge, and the judge properly considered them. Now, Your Honor, counsel spoke during oral argument and also in the briefs. They spent significant time talking about the affidavits in this case, the affidavits that were provided by three employees that are controlled by the defendant. And what's significant about those affidavits, Your Honors, is that they contain only conclusions. There's no evidence in those, no evidence or factual allegations to be able to, for this court or the trial court, to give any evidence. The affidavits that were submitted contained 10 paragraphs total, and they're identical in nature, copy and paste from one to the next. The only difference is they changed the name of the affiant and the county where that affiant resides. But these three witnesses that are controlled by the defendants, what's significant about what the affidavits don't say is that they don't have the they don't tell us how many hours these individuals work. They don't say whether these individuals have access to reliable transportation. The affidavits don't say what role these nurses played. The affidavits don't contain any information about what these witnesses are going to testify about. The affidavits don't contain any information about how many times these witnesses provided care to Ola Williams. The affidavits don't explain anything related to their memory of Ola Williams or what treatment they rendered. And your honors, one is hard-pressed to believe that the inconvenience to nurse number one is the same inconvenience to the nurse number two and nurse number three. They also don't contain any information about any family relationships or they don't contain any information about where they work and whether their employer is going allow them to take time off to come to trial. And your honors, the court in Lankerhorst evaluated the weight of affidavits and similarly in that case the court said afforded little weight to those affidavits because the affidavits did not specify who the witnesses were, where they live, what if any relevant testimony they were going to give. So your honors, these affidavits should not be given much weight at all and certainly they should not be given any more weight than the location of the other witnesses which the trial court considered. In this case, there were 11 witnesses that weren't disclosed by the parties combined. And just as a way to summarize that, your honors, and we have specific information in our briefs about the relative distance to the in Piatt County. The other eight witnesses are non-residents of Piatt County that are spread out across different counties in different states. Out of the witnesses disclosed, five actually are closer to Peoria County in driving distance or flying and the rest of the witnesses are dispersed across multiple counties. Now counsel spent some time talking about how important the three affidavits are to this case, but we have identified two very important witnesses. Mark Peterson, who is the manager of the nursing home who is located in Peoria County, he cannot argue that Peoria County is an inconvenient forum for him. Similarly, the administrator of the nursing home is not an inconvenience for them. And the court also considered the public interest factors and they consider that Peoria County does not have congested courts and the trial court is in the best position to determine the congestion of its own court and the burden on the residents of Peoria County. In this particular case, there's a heightened public interest in hearing this case because it is a nursing home case that incentivizes, it's a private attorney general statute that incentivizes people to understand the rights of nursing home residents so that these nursing homes and managers are encouraged to provide better treatment to these patients. There are two nursing homes that the management company has in Peoria County versus one nursing home in Piatt County, so certainly there's a significant interest in Peoria County hearing this case. And also the the licensee of this nursing home also resides in Peoria County. There are many reasons and many connections to Peoria County and the court properly reviewed the briefs of the parties and properly held arguments on all of these issues and properly understood the law and balanced all of these issues and it ultimately concluded that there was no strong reason or strong connection to Piatt County. Counsel talked about tipping the scales in his favor. Your honors, that is not the standard. The standard is that there has to be a strong reason for this, there has to be overwhelming evidence or overwhelming interest in transferring this case to Piatt County. A tipping of the scales is not enough and so in this case for all these reasons, counsel and defendants cannot meet their burden to show that the trial court have used its discretion and we would ask that this court uphold the judgment of the trial court. Thank you. Thank you, Ms. Ayan. Mr. Weiner, any rebuttal? Yes, your honor. May it please the court. Thank you. Let me start first. Counsel mentioned treatment occurring in other counties. That is completely irrelevant for this lawsuit. The allegations of the complaint, again, they focus on Piatt County. Only one facility is involved here in providing care and treatment. The defendants all relate to the care and treatment provided at Piatt County. Carl and the Peorian Care is mentioned by counsel has no bearing on this case. They're not named defendants in this case. This is all about the Met Health Care Center in Piatt County. The second counsel attempts to draw a distinguishment going through the different witnesses, the 11 witnesses noting that only three live in or near Piatt County, but that's a disingenuous analysis. Out of the 11 identified, seven of those individuals, treater witnesses, all live closer in proximity to Piatt County, and that is in the party's briefs where there's Google Maps and whatnot to identify the different proximities for the purposes of taking judicial notice of those. So that factor strongly weighs in favor of appellants. With respect to the three affidavits, they are absolutely sufficient at law. They establish that Piatt County would be more convenient and Peoria County would be less convenient for those three nurses, and they have not been rebutted by any evidence whatsoever by appellee, and that is significant. Now, in the case of Bruce Fiatadero, the first district appellate court agreed that the trial court gave undue weight to the fact that defendants operated another hospital, which was a resident in that case of Cook County when the hospital at issue in that was a resident of McHenry County. The court quoted that we concur in defendants' arguments that the court indeed gave undue weight to the fact that the Sherman Hospital was a resident of Cook County. As defendants maintain while the existence of the additional facilities in Cook County renders Sherman Hospital a resident of Cook County for purposes of venue under section 2102a of the Illinois Code of Civil Procedure, the inquiry in a forum non-convenience analysis requires a court to look beyond the statutory criteria for venue and to determine the relative convenience of the competing forums. It is appellant's position that the trial court's analysis was limited to venue. It did not consider the convenience of the parties as it could, but more importantly here, I think it's really important to emphasize that the trial court found in favor of the convenience of the parties for Piatt and very confusingly then held a recognizing that Piatt has an interest in deciding matters locally. So just by limited to the trial court's own analysis, it erred. It doesn't sync up with the reasoning provided in the hearing transcript. Additionally, there's been no allegation, no evidence more importantly to suggest that any misdoings occurred in Peoria County with respect to the management company in particular. For all we know, all the negligence occurred in Piatt County. There's been no evidence proving to the contrary. The trial court had nothing in front of it other than the physical locations in Peoria on the component of the negligence that was alleged, but there's no evidence to suggest that these decisions alleged that pertain to the management company with respect to staffing and budgetary concerns. There's no evidence saying that that did in Peoria, so that doesn't weigh in favor of Appellee. So we have the unrebutted affidavits. We have the fact that all of the alleged negligence at issue occurred in Piatt County, and we have the competing rationale from the trial court not syncing up with transfers more appropriate, and the trial court abused its discretion in those three respects previously outlined. Thank you. Thank you. Are there any other questions? Okay, thank you. We thank you very much for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will stand in recess until nine o'clock tomorrow morning.